Exhibit L (B)

January 23, 2007

**Supreme Court**

No. 2006-49-Appeal.
(KM 04-268)

Received Interdepartmental Mail on 1/26/07

Stephen Reise :

v. :

State of Rhode Island. :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

January 23, 2007

**Supreme Court**

No. 2006-49-Appeal.
(KM 04-268)

Stephen Reise :

v. :

State of Rhode Island. :

Present: Williams, C.J., Goldberg, Flaherty, Suttell, and Robinson, JJ.

**OPINION**

**Justice Robinson for the Court.** On April 5, 2000, Stephen Reise, pled nolo contendere to two counts of driving while intoxicated, death resulting, and three counts of driving while intoxicated, serious bodily injury resulting. He received a sentence of fourteen years imprisonment on each of the two counts of driving while intoxicated, death resulting, said sentences to be served concurrently. Mr. Reise also received, on each count of driving while intoxicated, serious bodily injury resulting, a sentence of five years suspended imprisonment, with five years of probation, to run consecutively to the sentences on the other counts. In addition, his sentence included a five-year loss of his driver's license.

Mr. Reise has appealed to this Court, contending that the trial justice erred in denying his application for postconviction relief based on newly discovered evidence—viz., that he suffered from Obstructive Sleep Apnea at the time of the incident that resulted in the above-referenced criminal charges being filed. Mr. Reise also points to numerous alleged violations of his rights, including ineffective assistance of counsel.

This case came before this Court on December 12, 2006, pursuant to an order directing the parties to appear and show cause why the issues raised in the appeal should not be summarily decided. Having considered the record, the memoranda filed by the parties, and the oral arguments, we are of the opinion that cause has not been shown and that this case should be decided without further briefing or argument. For the reasons set forth herein, we deny the appeal and affirm the judgment of the Superior Court.

**Facts and Travel**

Mr. Reise was charged with two counts of driving while intoxicated, death resulting, and three counts of driving while intoxicated, serious bodily injury resulting. He pled nolo contendere on April 5, 2000. We set forth below the most significant facts that the state indicated it would prove if the case had gone to trial.

During the early evening hours of October 29, 1999, Mr. Reise consumed multiple alcoholic beverages at three different locations. Thereafter, Mr. Reise, accompanied by two passengers, drove his mother's car, a 1986 Toyota, northbound on Route 4 towards Providence. According to the evidence outlined by the prosecution in connection with Mr. Reise's nolo plea, Mr. Reise was driving above the posted speed limit and was repeatedly changing lanes as he drove north on Route 4. Also traveling northbound on Route 4 that night was Marsha Bowman, who was driving a 1999 Honda vehicle and was accompanied by her daughter Rebecca Bowman and her daughter's friend Kaitlyn DeCubellis.

At approximately 8 p.m., Mr. Reise, while still driving erratically, began searching the floor of the car for cigarettes, thereby taking his eyes off of the road. While doing so, he struck the rear of Marsha Bowman's Honda, causing it to propel over the Route 4 median and land directly in the path of a vehicle being driven southbound on Route 4 by one Robert Sylvestre.

The collision between the Honda and Robert Sylvestre's vehicle resulted in the deaths of both Marsha Bowman and Kaitlyn DeCubellis, as well as serious bodily injury to Rebecca Bowman and two other persons.

The state indicated that it would also be able to prove that Mr. Reise's blood alcohol concentration exceeded the legal limit at the time of the collision and that, two hours after the collision, his blood alcohol level still read 0.130—a level well in excess of the legal limit.

At the plea hearing on April 5, 2000, Mr. Reise, after listening to the prosecutor recite the factual scenario summarized above, unequivocally acknowledged that the state had articulated an accurate account of the events that had occurred on the evening of October 29, 1999. Mr. Reise then pled nolo contendere to the charges and received a sentence of fourteen years to serve followed by fifteen years suspended, with probation.

On March 25, 2004, Mr. Reise, appearing pro se, filed an application for postconviction relief based on what he called the newly discovered evidence that he suffered from Obstructive Sleep Apnea at the time of the accident. On October 7, 2004, the state filed a motion to dismiss on the ground that Mr. Reise had failed to state a claim upon which relief could be granted. Arguments were heard on October 22, 2004, and the hearing justice summarily granted the state's motion to dismiss Mr. Reise's application for postconviction relief. An order reflecting this outcome was entered on October 25, 2004, and Mr. Reise filed a notice of appeal on November 5, 2004.

## Analysis

### I
### Newly Discovered Evidence

Mr. Reise's main contention on appeal is that the hearing justice erred in denying his application for postconviction relief based on the newly discovered evidence that he suffered

from Obstructive Sleep Apnea at the time of the October 29, 1999 incident because the hearing justice misinterpreted Mr. Reise's argument. More specifically, Mr. Reise contends that the hearing justice focused upon whether the newly discovered evidence prevented Mr. Reise from making a voluntary plea, whereas Mr. Reise contends that he had wanted the hearing justice to determine whether the newly discovered evidence "was directly associated with [his] innocence in relation to the crime" of which he had been convicted. Mr. Reise also argues that he was denied of his right to an evidentiary hearing on this issue.

This Court will not overturn a trial justice's findings regarding an application for postconviction relief absent clear error or absent a determination by this Court that the trial justice neglected or misconceived material evidence. State v. Thomas, 794 A.2d 990, 993 (R.I. 2002); see also Bleau v. Wall, 808 A.2d 637, 641 (R.I. 2002).

General Laws 1956 § 10-9.1-1(a) provides in relevant part:

> "Any person who has been convicted of, or sentenced for, a crime, a violation of law, or a violation of probationary or deferred sentence status and who claims:
>
> "* * *
>
> "(4) That there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;
>
> "* * *
>
> "may institute * * * a proceeding [for postconviction relief]."

When conducting the analysis of an application for postconviction relief based on newly discovered evidence, the hearing justice utilizes the same standard used for considering a motion for a new trial due to newly discovered evidence. Brennan v. Vose, 764 A.2d 168, 173 (R.I. 2001). That standard consists of two parts. Bleau, 808 A.2d at 642. The first, or threshold, part consists of a multifaceted requirement in which the applicant must establish that (a) the evidence is newly discovered or available only since trial; (b) the evidence was not discoverable prior to

trial despite the exercise of due diligence; (c) the evidence is not merely cumulative or impeaching but rather is material to the issue upon which it is admissible; and (d) the evidence is of a kind which would probably change the verdict at trial. Id.; see also State v. Hazard, 797 A.2d 448, 463-64 (R.I. 2002); State v. L'Heureux, 787 A.2d 1202, 1207-08 (R.I. 2002); State v. Gomes, 690 A.2d 310, 321 (R.I. 1997); McMaugh v. State, 612 A.2d 725, 731-32 (R.I. 1992). If the threshold test has been satisfied, the hearing justice must then determine, in his or her discretion, whether or not the newly discovered evidence is sufficiently credible to warrant relief. Bleau, 808 A.2d at 642; Hazard, 797 A.2d at 464. As we noted in State v. Fontaine, 559 A.2d 622, 624 (R.I. 1989), ordinarily this latter determination is, out of necessity, made in the context of an evidentiary hearing.

In this case, a hearing on Mr. Reise's application for postconviction relief was held on October 22, 2004. At that hearing, the justice stated that he had reviewed both the application for postconviction relief and the exchange that occurred in open court in 2000 when Mr. Reise pled nolo contendere in this case. After conducting an analysis of Mr. Reise's argument "in a variety of ways to give [him] every consideration that [could have been] given," the hearing justice concluded that "there is absolutely no basis in law for entertaining the application for post conviction relief."

We are of the opinion that the hearing justice did not commit clear error and did not neglect or misconceive material evidence in denying Mr. Reise's application for postconviction relief. See Thomas, 794 A.2d at 993. It is clear to us that Mr. Reise did not satisfy the criteria that must be met before postconviction relief may be granted. See Bleau, 808 A.2d at 642. Most notably, the fact that Mr. Reise suffered from Obstructive Sleep Apnea at the time of the

accident[1] is not the type of evidence that would probably change the verdict at trial. See Bleau, 808 A.2d at 642.

At the time that he pleaded nolo contendere, Mr. Reise admitted (1) that he drank alcoholic beverages before the collision; (2) that his blood alcohol level was 0.130 two hours after the collision; and (3) that his actions were the sole cause of the deaths of Marsha Bowman and Kaitlyn DeCubellis.[2] Even if Mr. Reise were able to prove (1) that he suffered from

---

1 Although there is nothing in the record to show that Mr. Reise could prove that he suffered from this medical ailment at the time of the accident, we will assume that such is true for purposes of this appeal. See Super. R. Civ. P. 12(b)(6).

2 Before pleading nolo contendere to the charges that had been lodged against him, Mr. Reise listened to, and then specifically acknowledged the truth of, the state's account of the events of October 29, 1999:

> "[PROSECUTOR]: Your Honor, if this matter had gone to trial the State would prove that on these facts incorporated into these counts that during the early evening hours of October 29, 1999, Stephen Reise drank beer, Kahlua liquor, between 4 p.m. and 7:15 p.m. at three different locations. That he drove his mother's vehicle, a 1986 Toyota, with two passengers and proceeded to drive onto Route 4 north heading to Providence. That he drove at speeds in excess of the speed limit, repeatedly changing lanes and passing cars. That at one point at approximately 8 p.m. while driving in that manner he took his eyes off the road and began searching on the floor of his car for cigarettes. And at that point he drove into the rear of a 1999 green Honda vehicle being driven by Marsha Bowman and containing two children, Kaitlyn DeCubellis and Rebecca Bowman. That his striking the rear of the Bowman vehicle caused the Bowman vehicle to be propelled across the Route 4 median and into oncoming traffic of the south bound lane of Route 4. That the defendant's striking of the Bowman vehicle caused that vehicle to be placed in the path of a car being driven by the Sylvestres, particularly Robert Sylvestre, causing the Bowman vehicle to be split in two. That at the time of the collision the defendant's blood alcohol exceeded the legal limit and he was legally intoxicated while driving a motor vehicle. That in fact two hours of [sic] the collision his blood alcohol was .130 exceeding the legal limit. And defendant's actions were the sole cause of the deaths the facts which are incorporated in five counts of this indictment and the

Obstructive Sleep Apnea at the time of the collision; (2) that he was unaware of this condition at the time of the collision; and (3) that the condition was not discoverable prior to trial despite due diligence, we are nonetheless unable to perceive how, given his express acknowledgment of the truthfulness of the state's recital of facts, he can prove that this newly discovered evidence would change the verdict. Regardless of the existence or absence of the medical condition to which Mr. Reise now points, he still was legally intoxicated when he struck Marsha Bowman's vehicle, causing the deaths of both Marsha Bowman and Kaitlyn DeCubellis and serious injury to other persons.

General Laws 1956 § 31-27-2.6(a),[3] which deals with driving under the influence resulting in serious bodily injury, does not require that a defendant's intoxication be a "causal element of the offense." State v. Benoit, 650 A.2d 1230, 1234 (R.I. 1994).[4] Rather, all that it

---

death of Kaitlyn DeCubellis and the death of Marsha Bowman. And in Count 5 serious bodily injury to Rebecca Bowman. And in Count 7 serious bodily injury to Janice Sylvestre. And in Count 9 serious bodily injury to Amy Palmer.

"THE COURT: You have heard the statement [the prosecutor] has made to you. Do you acknowledge that is in fact a true statement?

"DEFENDANT: Yes, I do."

[3] General Laws 1956 § 31-27-2.6 provides in pertinent part:

"(a) When serious bodily injury of any person other than the operator is caused by the operation of any motor vehicle, the operator of which is under the influence of any intoxicating liquor, toluene, or any controlled substance as defined in chapter 28 of title 21 or any combination of these, the person so operating the vehicle shall be guilty of driving under the influence of liquor or drugs, resulting in serious bodily injury."

[4] In State v. Benoit, 650 A.2d 1230, 1234 (R.I. 1994), we came to this same conclusion regarding § 31-27-2.2(a), which deals with driving under the influence resulting in death. See also State v. DiCicco, 707 A.2d 251, 254 (R.I. 1998). Accordingly, in the case at hand, the reasoning that follows concerning § 31-27-2.6(a) is equally applicable to § 31-27-2.2(a). Although this Court in Benoit held that a defendant's intoxication need not be a proximate cause

requires regarding defendant's intoxication is that "defendant be legally intoxicated at the time of the accident" for him or her to be held criminally liable. Benoit, 650 A.2d at 1234. In Benoit, this Court explained,

> "By setting off the clause 'the operator of which is under * * * any intoxicating liquor' with a comma, the General Assembly eliminated the operator's intoxication as a causal element of the offense, merely requiring that the operator of the vehicle be intoxicated at the time of the accident. Therefore, all the state need prove is that the defendant's operation of his or her motor vehicle was a proximate cause of the death in question occurring while the defendant was legally intoxicated." Id. at 1233.

Accordingly, it is of no consequence that Mr. Reise's Obstructive Sleep Apnea might have caused him to operate a motor vehicle dangerously even if he were not under the influence of alcohol or might have caused him to be affected by alcohol more significantly than if he did not have this medical condition. What is dispositive in this case is the blunt and inexorable fact that Mr. Reise, as he explicitly acknowledged in open court, was legally intoxicated when he caused the deaths of Marsha Bowman and Kaitlyn DeCubellis through the operation of his motor vehicle. It is clear to us that, in determining that this newly discovered evidence would not have changed the verdict, the hearing justice neither clearly erred nor neglected or misconceived material evidence.[5]

---

of the death or serious bodily injury, we recognize that a defendant's manner of operation of his or her vehicle must be a proximate cause of the death or serious bodily injury. See Benoit, 650 A.2d at 1234. In the instant case, Mr. Reise acknowledged that his actions, including the manner in which he operated his vehicle, were the proximate cause of the deaths and serious bodily injuries.

5 Mr. Reise also argues in this appeal that his Obstructive Sleep Apnea causes hypoxemia (decreased oxygen in the blood), which may have resulted in an inaccurate blood alcohol concentration reading; he suggests that, but for the hypoxemia, there would have been a reading under the legal intoxication limit. However, Mr. Reise chose not to make this argument in a sufficiently articulated manner in the court below, and, therefore, it has not been properly preserved for consideration by this Court.

Additionally, the hearing justice did not err in summarily denying Mr. Reise's application for postconviction relief without affording him an evidentiary hearing. Since Mr. Reise failed to establish the four elements required to fulfill the threshold test articulated in Bleau, 808 A.2d at 642, the hearing justice was not required to conduct an evidentiary hearing regarding Mr. Reise's application for postconviction relief before making his decision.

## II
## Other Alleged Violations

This Court will conduct a de novo review when a postconviction-relief decision involves questions of fact concerning an alleged infringement of a defendant's constitutional rights or involves mixed questions of law and fact regarding an alleged violation of one's constitutional rights. See Ouimette v. State, 785 A.2d 1132, 1135 (R.I. 2001); see also Bleau, 808 A.2d at 641-42; Thomas, 794 A.2d at 993. Even when applying this de novo standard, however, we will accord great deference to both a trial justice's findings of historical fact and the inferences drawn from those facts. Bleau, 808 A.2d at 642; Thomas, 794 A.2d at 993; Ouimette, 785 A.2d at 1135.

Mr. Reise's principal constitutional contention is that he suffered from ineffective assistance of counsel in connection with his decision to make a nolo contendere plea. He also contends that his "excessive bail" was a result of this ineffective assistance of counsel. We, however, perceive no ineffective assistance of counsel.

Prior to accepting Mr. Reise's plea, the justice who was presiding over the plea hearing engaged in an extensive exchange with both Mr. Reise and his attorney regarding the proceeding in which they were involved. During this colloquy, Mr. Reise expressly acknowledged that he understood that he would be forfeiting all of the rights that appeared on the face of the nolo contendere plea form, and he agreed that he had reviewed all of those rights with his attorney.

Mr. Reise also stated that he did not have any questions regarding his plea or any of the rights he was forfeiting. Additionally, Mr. Reise's attorney stated that his colleague had traveled to the Adult Correctional Institutions, where he discussed "each and every right listed on the form" with Mr. Reise. Mr. Reise's attorney also informed the court that he believed that Mr. Reise understood all of those rights and was voluntarily giving them up. Moreover, at the hearing regarding Mr. Reise's application for postconviction relief, the justice stated that he was unable to find any evidence constituting ineffective assistance of counsel during the plea process. After a careful review of the record, we are of the opinion that the hearing justice properly concluded that Mr. Reise did not receive ineffective counsel as he was making his decision to plea nolo contendere.[6]

Mr. Reise also argues that he was the victim of numerous other errors, including multiple constitutional violations. More specifically, he argues that his sentence was not lawfully justified, that certain witnesses lacked credibility, and that there was unjustified pretrial publicity. Elementary logic compels us to give short shrift to these contentions. In pleading nolo contendere, Mr. Reise very specifically waived a series of rights.[7] For that reason, he may not now be heard to dispute his agreed-upon sentence or the credibility of any witnesses. Furthermore, since Mr. Reise opted to forgo a trial, he is barred from objecting to any prejudice

---

[6] Although it would have been preferable for the hearing justice to have articulated his reasoning regarding Mr. Reise's ineffective assistance of counsel argument more fully, we find no indication in the record that he erred in his ultimate decision. It is noteworthy that the hearing justice who presided over the postconviction-relief hearing was the same justice as had presided over the plea hearing, during which he engaged in an extensive exchange with both Mr. Reise and his attorney to obtain what appears to us to have been a full understanding of the interplay between Mr. Reise and his counsel regarding Mr. Reise's decision to plead nolo contendere.

[7] A copy of the front side of Mr. Reise's "Request to Enter Plea of Nolo Contendere or Guilty" form, which itemizes with specificity the several rights that Mr. Reise chose to waive, is appended to this opinion.

that he feels might possibly have been an issue at the time of the never-held trial as a result of pretrial publicity. Accordingly, we reject each of these arguments.

**Conclusion**

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record may be remanded to the Superior Court.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

# REQUEST TO ENTER PLEA OF NOLO CONTENDERE OR GUILTY

☐ SUPERIOR COURT ☐ FAMILY COURT

| | |
|---|---|
| 1. STATE OF RHODE ISLAND VS. Stephen Reise | 2. CASE NO. K1-2000-0059A |
| 3. CHARGES CT1+2 - DUI - death resulting<br>CT5, CT7, CT9 - DUI - serious bodily injury | 4. PENALTY CT1+2 - 15 yrs<br>CT5, 7, 9 - 1-10 yrs |

I, the above named defendant, do hereby request Court permission to withdraw my present plea of **Not Guilty** and to enter a plea of **Nolo Contendere** or **Guilty**. I understand the plea of **Nolo Contendere** is for all purposes the same as a plea of **Guilty** and that I will be admitting sufficient facts to substantiate the charge(s) which has (have) been brought against me in the case to which this plea relates. I understand by changing my plea I will be giving up and waiving each and all of my following rights:

1. My right to a trial by jury or by a Judge, sitting without a jury, and my right to appeal to the Supreme Court from any verdict or finding of guilt.
2. My right to have the State prove each and every element of the charge(s) against me by evidence and proof beyond a reasonable doubt.
3. My right to the presumption of innocence.
4. My privilege against self-incrimination.
5. My right to confront and cross-examine the State's witnesses against me.
6. My right to present evidence and witnesses on my own behalf and to testify in my own defense if I choose to do so.
7. My right to appeal to the Rhode Island Supreme Court from the sentence imposed by the Court after the entry of my plea of **Nolo Contendere** or **Guilty**.
8. My right to have the Court obtain and consider a pre-sentence report before the imposition of sentence by the Court.

No promises have been made to me by my Attorney, the State's Attorney, or the Court, other than the fact the Court has agreed to impose the following sentence in addition to whatever money costs are imposed by law.

5. SENTENCE CT1+2 - 14 yrs ACI to serve to run concurrent
CT5, 7, 9 - 5 yrs suspended, 5 yrs probation to run consecutive to CT 1+2 and consecutive to each other
5 yrs loss of license, alcohol counseling.

I understand if the Court imposes the sentence referred to above, I will not be permitted to withdraw my plea of **Nolo Contendere** or **Guilty** except by permission of the Court.

I have discussed the entire contents of this form with my Attorney, who has explained it to me. I have no questions as to what it states and means, and I understand it completely. **I swear to the truth of the above.**

| | | |
|---|---|---|
| 6. WITNESS (Attorney for the Defendant)<br>Signature [signature]<br>Print Name John Hardiman | DATE 4/5/00<br>Registration No. | 8. DATE/TIME STAMP<br>... IN OPEN COURT<br>...NT SUPERIOR COURT<br>...ATE 4-5-00<br>TIME<br>CLERK [signature] |
| 7. DEFENDANT<br>Signature [signature]<br>Print Name Stephen M. Reise | DATE<br>April 5, 2000 | |

J-1 (Rev. 7/89)

CERTIFICATE OF JUDGE--ON REVERSE SIDE