**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **STEPHEN MICHAEL REISE** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 08-39S** |
| | : | |
| **A.T. WALL, et al** | : | |
| **Respondent** | : | |

**<u>STATE OF RHODE ISLAND'S MOTION TO DISMISS</u>**
**<u>"PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS</u>**
**<u>BY A PERSON IN STATE CUSTODY"</u>**

Now comes the State of Rhode Island, by and through its attorneys, and, for the reasons expressed in the accompanying memorandum, respectfully moves to dismiss Petitioner's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.*

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Aaron L. Weisman

**AARON L. WEISMAN #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 6th day of February, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system; and I also certify that I placed a copy of the within document in the U.S. mail, postage prepaid, to Stephen Reise, Pro Se, Minimum Security, P.O. Box 8212, Cranston, RI 02920, on the same date.

<u>/s/ Aaron L. Weisman</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **STEPHEN MICHAEL REISE** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 08-39S** |
| | : | |
| **A.T. WALL, et al** | : | |
| **Respondent** | : | |

**STATE OF RHODE ISLAND'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS "PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY"**

Background

On April 5, 2000 in the Providence County Superior Court, Stephen Reise pled *nolo contendere* to two counts of driving while intoxicated, death resulting, and three counts of driving while intoxicated, serious bodily injury resulting. He received a sentence of fourteen years imprisonment on each of the two counts of driving while intoxicated, death resulting, said sentences to be served concurrently. Mr. Reise also received, on each count of driving while intoxicated, serious bodily injury resulting, a sentence of five years suspended imprisonment, with five years of probation, to run consecutively to the sentences on the other counts. In addition, Mr. Reise's sentence included a five-year loss of his driver's license.

Subsequently, on March 25, 2004, Mr. Reise filed, in the Providence County Superior Court, an application for post-conviction relief. Such application was ultimately denied by the Providence County Superior Court, pursuant to Rule 12(b)(6) and Rule 56 of the Superior Court Rules of Civil Procedure, in an order dated October 25, 2004. Mr. Reise then appealed such denial to the Rhode Island Supreme Court. In an opinion dated

January 23, 2007, the Rhode Island Supreme Court denied Mr. Reise's appeal, and affirmed the Superior Court's denial of his post-conviction-relief application. (*See* Reise v. State, 913 A.2d 1052 (R.I. 2007).)[1] In the instant "Petition under 28 USC 2254 for Writ of Habeas Corpus", Mr. Reise attacks his April 5, 2000 convictions on a number of grounds. (*See* Petition, at pp. 6A and 7A.)

Discussion

Because Mr. Reise's 28 U.S.C. § 2254 application is time barred, the State has moved that this Honorable Court dismiss the application.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides for a one-year statute of limitations for petitions filed under 28 U.S.C. § 2254, which in this case runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Congress has allowed the one-year limitations period to be tolled during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). *See, e.g.*, Neverson v. Bissonnette, 261 F.3d 120, 124 (1st Cir. 2001).

In analyzing a statute-of-limitations claim, this Court must determine three things: (1) on what date the statute of limitations began to run with respect to petitioner's habeas petition; (2) on what date the limitations period expired; and (3) whether any tolling of that limitations period occurred along the way. When applied to the facts at bar, this

[1] The State has provided to this Court a copy of the Rhode Island Supreme Court's decision, as well as the briefs filed by the parties in the case, and the relevant transcripts of the Superior Court proceedings.

inquiry reveals that Petitioner's instant 28 U.S.C. § 2254 application is indeed time barred.

**1. *Date Period Began To Run***

In this case, Petitioner's judgment of conviction became final no later than April 25, 2000, twenty days after April 5, 2000 when, in the Providence County Superior Court, Petitioner pled *nolo contendere* to two counts of driving while intoxicated, death resulting, and three counts of driving while intoxicated, serious bodily injury resulting. *See* Rollins v. Wall, 2006 WL 1787726, * 2 (D.R.I.)(a Rhode Island state court defendant's plea of *nolo contendere* became final, pursuant to 28 U.S.C. § 2244(d), twenty days after the entry of the *nolo contendere* plea).

**2. *Date Period Expired***

Thus, the one-year limitations period provided for by the AEDPA expired on April 25, 2001.

**3. *Tolling under 28 U.S.C. § 2244(d)(2)***

Petitioner did not file his state post-conviction relief action until March 25, 2004, nearly three-years *after* the running of the one-year limitations period had already expired.

Conclusion

Wherefore, the instant *Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus Filed by a Person in State Custody* is time barred, and the State would respectfully ask that it be dismissed for this reason.[2]

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Aaron L. Weisman

**AARON L. WEISMAN #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 6th day of February, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system; and I also certify that I placed a copy of the within document in the U.S. mail, postage prepaid, to Stephen Reise, Pro Se, Minimum Security, P.O. Box 8212, Cranston, RI 02920, on the same date.

/s/ Aaron L. Weisman

[2] In so requesting, the State is cognizant of the fact that the Petition may be defective for other reasons as well, perhaps most evidently, that a number of the issues raised have seemingly not been exhausted by Petitioner in State Court, as required by habeas corpus law.