Original

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STEPHEN MICHAEL REISE
V. C.A. 08-39S
A.T. WALL et. al.

Petitioner Reise's Objection to the State of Rhode Island's Motion to Dismiss this 28 U.S.C. § 2254 Habeas Corpus Petition

Now comes the petitioner Reise, the respondents seek to erroneously time bar Reise's petition by somehow alleging Reise is excluded from the tolling process under 28 U.S.C. 2244 (d)(2).

I. DISCUSSION

The Respondents assert that Reise's application for Post Conviction relief was not properly filed and Reise should not receive the benefit of 28 U.S.C. § 2244 (d)(2), which in its pertinent part states that Congress allows a one year tolling process during the time that a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending.

The respondents seek to exclude the Petitioner Reise from Habeas Corpus relief by asserting that a one-year time limitation exists to file for post conviction relief to be eligible for tolling under 28 USC § 2244(d)(2), (see Respondents' ~~...~~ Motion to Dismiss, last paragraph, pg. 3), "Petitioner did not file his State post-conviction relief action until March 25, 2004, <u>nearly three-years after the running of the one-year limitations period</u> had already expired."

First, 2244(d),(2) makes no mention of a one year time period to file for Post conviction, but expressly allows a one year tolling process from the final judgment of the State application for Post Conviction relief.

Secondly, this is erroneous because the State's Post Conviction relief Statute, R.I.G.L. 10-9.1-3, expressly States that "An application may be filed at any time."

Third, the Petitioners application was largely based on Newly discovered evidence inter alia, there is no time bar on the discovery of new evidence even after "the time for filing a motion for a new trial has expired" <u>STATE V. BISHOP</u>, 439 A2d 255 (R.I. 1982). Reise's New evidence Was not discovered ~~...~~ until on or about February 2004, resulting in the March 25, 2004, filing

for Post Conviction relief.

## II. Discussion

The respondents, at fn. 2, page 4., of their "Motion to Dismiss" allege "that a number of the issues raised have Seemingly not been exhausted by Petitioner in State Court, as required by habeas corpus law"

These issues were clearly raised in the Petitioners Post Conviction Application, however the Superior Court dismissed Reise's application while failing to address such issues and further failing to allow the petitioner to elaborate or establish his claims in a judicial forum.

The Duration and the Sentence being illegal under R.I.G.L 31-27-2.6 was presented, (See Exhibit 1., pg. 8-9, of the State of Rhode Island's Record Appendix), however never addressed. In furtherence it was raised as an issue in the Post Conviction application in Superior Court with Supporting evidence in Section "E" identified as "Duration of Sentence". Indeed, nowhere in the State's Appendix of record at Exhibit 4., of the denial of Post Conviction relief transcripts, does justice Pfeiffer address this issue.

Additionally, the Claims Pfeiffer did

address, (ineffective assistance of Counsel, & newly discovered evidence[1]) were not given due consideration or the required evidentiary hearing, established in prior State precedent.

The following Case's from the Supreme Court of Rhode Island show that an evidentiary hearing is required in superior court on a claim of ineffective assistance of Counsel; "We have stated on numerous occassions that a Claim of ineffective assistance of Counsel must be decided after an evidentiary hearing in superior court." STATE V. DESIR, 766 A2d 375, 376, R.I. 2001; "trial justice's findings that defendant failed to demonstrate entitlement to relief is unfounded without a postconviction evidentiary hearing", DESIR SUPRA, Citing Hughes V. STATE, 609 A2d 943, 944

In HUGHES V. STATE, at 944, found "the Strickland test requires a petitioner to show that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. ... No evidentiary hearing was conducted to explore the validity of Hughe's claims, thus leaving unexamined the foundation for a reasonable probability. The trial justices ruling at the postconviction-relief hearing that he was satisfied that Hughes had failed to meet the necessary standards for re-

lief under Strickland and Turley was unfounded without an evidentiary hearing to buttress his conclusion."

The Petitioner Reise also did not receive the required evidentiary hearing associated with his claim of newly discovered evidence further established in prior State precedents. "the trial justice determined as a matter of law that no such evidentiary hearing was required. This determination did not comport with the Statutory imperative of R.I.G.L. 10-9.1-1 (a) (4)." STATE V. FONTAINE, 559 A2d 625. In BLEAU V. WALL, 808 A2d 637, 642, it was the State who argued for the required evidentiary hearing, "The State argue's the hearing justice abused his discretion by failing to hold an evidentiary hearing before granting Bleau's application for post conviction relief. We Agree."

Wherefore Reise was entitled to an evidentiary hearing. " A State habeas petitioner is entitled to an evidentiary hearing on a claim if he did not receive a full and fair evidentiary hearing in State court and if he alleges facts that, if proven would entitle him to relief" TAPIA V. ROE, 189 F3d 1052, 1056 (9th Cir. 1999). Here it can not be disputed that Reise never received an evidentiary hearing in State court and the facts presented in his post conviction in association to ineffective

assistance of Counsel, Duration of the Sentence and its illegal nature, and newly discovered evidence, if proven would require entitlement to relief.

Wherefore, the petitioner requests that the Respondents Motion to Dismiss under clearly unusual grounds be denied and the honorable Court reviews the record and see that all issues were Seemingly raised in the lower State Court, but refused to be addressed by the lower Court. in affect, the lower Court has refused to address properly laid Claims before them, and now the State Seeks to Cast blame on the petitioner insisting such Claims were not placed before the Courts for exhaustion. Reise Can not exhaust Claims that both the State and the Court refuse to address.

[signature]

Certification
28 USC 1746

I hereby Swear upon penalty of perjury that a true copy of this document was placed in the interdepartmental mailbox, postage pre-paid and Sent to Aaron L. Weisman, Attorney Generals office, 150 South Main Street, Providence, R.I., 02920, on this 12 day of February 2008.

[signature]

1. Reise's newly discovered evidence reflected his innocence and was placed before the Superior Court withe the expectation of meeting the threshold test. However, the Superior Court related the newly discovered evidence to the Voluntariness of the plea as clearly evidenced in the States Appendix acompaning their Motion to Dismiss, at Exhibit 4., transcripts.

In furtherance, In a first instance Reise was held to the threshold test in the Supreme Courts opinion while never given the Chance to litigate the matter or butress the Courts Conclusion. Reise further States the Court raised the Standard and enhanced the 4th prong of the threshold test to deny relief from Reise. The 4th prong that, "the evidence be of the kind which would probably Change the verdict at trial." The Supreme Court has demanded proof that Could only be established through an evidentiary hearing, without allowing Such hearing. (see Exhibit 5., States Appendix to Motion to dismiss pg. 7) "We are nonetheless unable to perceive how ..... he can prove this newly discovered evidence would Change the Verdict." Reise was only in need of "alleging facts, if proven, would entitle him to relief" to receive an evidentiary hearing, TAPIA V. ROE 189, F3d 1052, 1056 (9th Cir 1999)

Not only did facts Reise produced, if proven would reduce the Culpability therefore Significantly reduce his Sentence, other alleged issues of factual nature were left erroneously unadressed.

Specifically Petitioner Reise's argument relating to Hypoxemia found at Exhibit 5, Pg. 8, fn 5., of the States appendix, filed with their Motion to dismiss. Those sets of facts would unequivocally find the States B.A.C. Test results as invalid and Clearly Support the Petitioner's innocence. Here the State Court suggests the argument was not made in the lower court and Sufficiently articulated. However, none of Reise's claims were addressed in the lower court relating to newly discovered evidence, because the lower Court addressed the claim in relation to the Voluntariness of the plea. However, Reise properly preserved the Hypoxemia claim through his Memorandum filed in the lower court on July 20, 2004, which Stated, "Furthermore because my oxygen Saturation and having less Oxygen in my blood than the average person, this would Surly effect my blood test." Reise provided his test results documenting this condition, however, Reise can not Sufficiently articulate an argument of medical Certainty as a layman, but only outline the facts.

The facts remain, if Reise's Oxygen levels

were below normal due to his medical Condition, and the State's Headspace Gas Chromatograph was not calibrated for Such Condition when the results are based on a Oxygen/alchohol ratio, the State test results would appear invalid. Because of the much lower than normal oxygen content, would raise the alchohol Content, resulting in a reading higher than the actual true reading.

2008 FEB 19 A 11:00
FILED