## I.A. Violations of Due Process in criminal proceedings

a. Excessive bail, accompanied by pre-trial detainment worked in tandem with impermissible pre-trial publicity fueled by the prosecution in violation of the State's Rules of Professional Conduct, which eroded the presumption of innocence to a degree to render Reise's right to receive a fair trial.

b. Excessive bail was an external constraint imposed upon counsel by the state, which hampered counsels duty to meaningfully advocate his clients cause, such types of state conduct prejudice has been found as presumed.

c. There existed impropriety and/or conflict of interest between the sentncing judge and counsel in relation to the family of one of the victims.

d. The Judge and Counsel allowed the petitioner Reise to enter an illegal sentence, to charges that did not exist and exceed the statutory maximum allowed by law

## II.B. Violations of Due Process in Post Conviction Proceedings

a. Petitioner was never allowed a judicial forum to establish and support his claims in the Superior court level.

b. Petitioners claims were overlooked and allegedly misconstrued, with the exception of one claim that was not given due consideration in the Superior Court level.

c. The petitioner was given a first instance chance to argue a silent record from the lower court in a ten minute time period, again never having enough time to address all his claims, but only briefly elaborate on some of his claims.

d. Such acts by the State courts has left the petitioner without any judicial forum to establish or support his claims in the state court forum, such a denial of Access to the courts has resulted in a watering down process by leaving the petitioners most meritorious state law claims to be abandoned, without having been adjudicated, and relgate the scope of my claims to that of constitutional issues alone.

e. Petitioner was held to a higher standard than required to meet the "threshold test", relating to newly discovered evidence. This higher standard was then used to preclude an evidentiary hearing.

f. The "threshold test" was never litigated, and raised in a first instance in the Supreme Courts decision by the Supreme Court, thus, the petitioner was never afforded a forum to buttress the courts conclusion.

g. Petitioner was held to a higher standard of pleading than that afforded pro se's, this higher standard was used to erroneously refuse to address the petitioners most meritorious claim. Petitioner's claim was refused to be reviewed based on the Supreme Courts erroneous belief that it was not "sufficiently articulated", thus allegedly not properly preserved, which is further erroneous.

## II. Newly discovered evidence

a. Petitioner was refused an evidentiary hearing to support claims of newly discovered evidence and ineffective counsel as required, and set forth in prior State case precedents.

b. Supreme Court applied a higher standard of the "threshold test", than that of which the threshold test requires, and further applied such standard in a first instance in its decision, without ever giving given the petitioner a chance to previously litigate the matter before any judicial forum.

c. The state Supreme Court erroneously alleged that the petitioners most meritorious argument was not made in a sufficiently articulated manner in the lower court, stating it was not properly preserved. The claim was made in a concise manner in the lower court, thus adequately preserved for consideration. The petitioner without a medical degree set forth a supported and adequately preserved claim, however a claim that could not be established with medical certainty without an evidentiary hearing.

d. The State Supreme courts refusal to review this meritorious claim was based on the claim not being "sufficiently articulated", which is in violation of with the liberal pleading standards pro se's are afforded.

e. Newly discovered evidence identified high level of "Hypoxemia", or much lower than normal levels of oxygen in the blood, which did alter the States Blood alcohol consentrate test results. These results are based on oxygen/alcohol ratios, thus, had the headspace gas chromatograph been calibrated for such condition the alcohol level would not have appeared higher than it actually was, due to the lower than normal oxygen levels.

f. Newly discovered medical evidence precludes the petitioner from meeting the State's definition of "Intoxication", as being available for use in criminal cases, as defined by the state in their own definition in case law. If the petitioner can not be considered "intoxicated", by the State's very own definition as adopted for use in criminal case's, the state had no jurisdiction to impose its DWI Statutes, §31-27-2.2 and §31-27-2.6

g. The Supreme Court failed to give due consideration that Reise's medical condition was both legally and medically documented as rendering "the normal use of the petitioners mental and physical faculties", before the use of alcohol and a prerequisite to be considered intoxicated by the states own definition

h. This unknown medical condition is inhanced by the sedative effects of alcohol and one with OSA is 7 times more likely to be in an automobile accident. Had this information been available it would have changed the proceedings and lessened the culpability at sentencing or found the defendant innocent at trial.

III. Ineffective Counsel

a. Counsel failed to meaningfully secure his clients pre-trial release

b. Counsel failed to protect his client's 8th Amendment right to be free from excessive bail.

c. Counsel failed to oppose inflammatory pre-trial publicity or deploy safegards to protect his client from inflammatory pre-trial publicity.

d. Counsel failed to object to blatent violations of the Rules of Professional Conduct, (specifically Rule 3.6, section (a) and (b) 1-6), violated by the the prosecution.

e. Counsel failed to advise their client that the (15) years suspended with probation for (3) consecutive counts under RIGL § 31-27-2.6, exceeds the statutory maximum set forth in section (c), which is (10) years, thus allowed their client to plead to an illegal sentence.

f. Counsel allowed their client to plead, at their advice, to the above counts, despite those who their client was being charged for serious bodily injury, did not meet the degree of injury necessary outlined in section (b), to impose the statute.

g. Counsel failed to conduct a reasonable investigation or interview witness'es.

h. Counsel failed to discuss defense strategies such as retrograde extrapolation which were readily available and other defenses and provided no reason for not attempting to use these stategies.

i. Counsel advised his client to plea to multiple punishments in violation of double jeopardy and consecutive sentencing which was not warranted.

j. Counsel failed to protect his clients due process rights to a fair trial.

k. Counsel failed to inform his client of his right to sentence reduction, nor did he preserve his clients right within the allotted 120 days.

l. Counsel failed to meaningfully inform his client of the terms and conditions of the plea agreement, thus the plea was not knowing and intelligent.

## IV. Jurisdiction

a. Consecutive sentencing of counts 5,7 & 9, of (5) years per count, results in an illegal sentence of (15) years suspended with probation time. This is because counts 5,7 & 9 used consecutively exceeds the statutory maximum of (10) years, as set forth in RIGL 31-27-2.6 (c).

b. Counts 5,7 & 9, relating to RIGL § 31-27-2.6, lack jurisdiction because the because the injuries sustained, by those of who the petitioner has been charged for, did not meet the degree of injury required and specifically set forth in the language of section (b), without meeting the degree of injury set forth in the statute as a prerequisite for its implementation, the court had no jurisdiction to impose such sentence.

c. Petitioners newly discovered medical condition precludes the petitioner Reise from meeting the State of Rhode Island's definition of "Intoxication", as defined and adopted for use in criminal cases. Reise provided both medical and legally sufficient evidence that his medical condition was known to have "rendered a person of his normal mental and physical faculties". Rhode Island's legal definition of "intoxication" states that the loss of one's mental and physical faculties must be "by reason of drinking intoxicants", thus establishing a causal element. If Reise was unknowingly never in possession of his normal mental and physical faculties then they could not have been rendered by alcohol.

d. Since Reise alleges he suffered from this medical condition most of his life while unaware of such, consecutive sentencing was not warranted.

unable to raise all grounds in 10 minutes
in Supreme court proceeding