**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**STEPHEN MICHAEL REISE,**
**Petitioner**

**v.** **C.A. No. 08-039 S**

**ASHBEL T. WALL, et al.,**
**Respondent**

**REPORT AND RECOMMENDATION**

Jacob Hagopian, Senior United States Magistrate Judge.

Stephen Michael Reise, *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 ("§2254") with the Court on January 28, 2008 seeking release from state custody. Reise is currently imprisoned at the Adult Correctional Institutions in Cranston, Rhode Island.

Respondent State of Rhode Island filed a motion to dismiss the application as time barred. This matter has been referred to me pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons stated below, I recommend that the motion be granted and the petition for a writ of habeas corpus be dismissed.

**BACKGROUND**

On October 29, 1999, petitioner, while driving under the influence of alcohol in excess of the legal limit, caused an accident which killed two children and seriously injured three other persons. On April 5, 2000, he pled *nolo contendere* to two counts of driving while intoxicated, death resulting, and three

counts of driving while intoxicated, serious bodily injury resulting. The Rhode Island Superior Court in Kent County imposed sentences of fourteen years for each count of driving while intoxicated, death resulting, to be served concurrently, and suspended sentences of five years with five years of probation for each count of driving while intoxicated, serious bodily injury resulting, to be served consecutive to the fourteen-year sentences.

Following the imposition of sentence, petitioner did not seek direct appellate review. However, on March 25, 2004, he filed an application for post-conviction relief in Providence Superior Court. Petitioner's application was denied in an order dated October 25, 2004, and petitioner appealed to the Rhode Island Supreme Court. In an opinion dated January 23, 2007, the Rhode Island Supreme Court affirmed the Superior Court's denial of petitioner's post-conviction relief application.

On January 28, 2008, petitioner filed the instant §2254 petition in this Court. He alleges violations of his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, urging that newly discovered evidence supports his actual innocence and ineffective assistance of counsel.

Respondent State of Rhode Island contends the claim is untimely and has moved to dismiss the petition.

## DISCUSSION

### I. Limitation Period under §2244(d)(1) and Tolling under §2244(d)(2)

The limitation period for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court is governed by 28 U.S.C.A. §2244, as amended ("§2244"). Section 2244(d)(1) states that there is a one-year limitation period and sets the starting date at the latest of four delineated events, including, in relevant part:

> "(A) the date on which the judgment became final... or (D) the date on which the factual predicate of the claim...presented could have been discovered through the exercise of due diligence." 28 U.S.C.A. §2244(d)(1).

Additionally, §2244(d)(2) provides a tolling of the one-year period of limitation during the time "a properly filed application for State post-conviction relief...with respect to the pertinent judgment...is pending." 28 U.S.C.A. §2244(d)(2).

#### A. Final Judgment under §2244(d)(1)(A)

Respondent urges that petitioner's application for a writ of habeas corpus is time barred under §2244(d)(1)(A). In this case, the judgment of the state court was entered against petitioner as a result of his *nolo contendere* pleas on April 5, 2000. Under §2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Petitioner here did not seek direct appellate review of his sentence. In Rhode Island, defendants

have twenty days after the entry of the judgment to appeal for direct review. Sup.Ct.Rules, Art. I, Rule 4(b). Consequently, petitioner's conviction became final, and the period of limitation began to run, on April 25, 2000, twenty days after the April 5, 2000 judgment was entered.

Here, the tolling provision of §2244(d)(2) does not apply. Although petitioner filed an application for post-conviction relief, he did so on March 25, 2004, nearly three years after the habeas corpus period of limitation had expired. Under such circumstances, petitioner's state court post-conviction relief application had no tolling effect.

Therefore, under §2244(d)(1)(A), the one-year limitation period expired on April 25, 2001. Petitioner's filing of the instant petition for a writ of habeas corpus on January 28, 2008 is almost seven years after the expiration of the time for filing such a petition.

B. Discovery of New Evidence under §2244(d)(1)(D)

Petitioner claims he discovered new evidence in February 2004 that proves his innocence. He also notes that he filed an action for post-conviction relief in Providence Superior Court based in part on such evidence on March 25, 2004. He points out that such action was pending until the Rhode Island Supreme Court issued an opinion dated January 23, 2007 affirming the Superior Court's denial of his post-conviction relief petition.

Under §2244(d)(1)(D), the limitation period begins to run on the date the factual predicate of petitioner's claim could have been discovered through the exercise of due diligence. For this analysis, I will assume, without deciding, that (i) petitioner's new evidence qualifies as the factual predicate for his claim that he is being held in violation of his constitutional rights and (ii) February 28, 2004 was the earliest date such evidence could have been discovered through the exercise of due diligence.[1] Thus, the one-year period of limitation under §2244 began to run on February 28, 2004. After 25 days of the one-year limitation period elapsed, the period was then tolled pursuant to §2244(d)(2) from March 25, 2004 until January 23, 2007, during the time petitioner's application for post-conviction relief was pending in state court. The remaining 340 days of the one-year period began to run again on January 24, 2007, after the final judgment on petitioner's post-conviction relief application. The period thus expired 340 days later, on December 29, 2007. Again, petitioner's filing of the instant petition for a writ of habeas corpus on January 28, 2008 is outside the period of limitation allowed under §2244.

[1] Petitioner is unclear about the actual date he discovered his new evidence, stating only that it "was not discovered until on or about February 2004." Giving petitioner the benefit of the doubt, I assume for purposes of this analysis that he discovered the evidence on the last day in February 2004 and that it could not have been discovered earlier through the exercise of due diligence.

## II. Conclusion

It is clear that the period of limitation for petitioner's application for a writ of habeas corpus expired before petitioner filed his instant application on January 28, 2008. The application is almost seven years late if §2244(d)(1)(A) regarding the date of final judgment is controlling, as respondent State of Rhode Island contends. Additionally, even if §2244(d)(1)(D) is controlling and it is assumed that the factual predicate of petitioner's claim could not have been discovered until February 28, 2004 as petitioner suggests, petitioner's application is still almost a month too late. As a result, I recommend that the State's motion to dismiss be GRANTED and petitioner's application for a writ of habeas corpus be dismissed with prejudice as time barred.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to filed timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603(1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
May 27, 2008