**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **STEPHEN MICHAEL REISE** | : | |
| **Petitioner** | | |
| | : | |
| **v.** | : | **C.A. 08-39S** |
| | : | |
| **A.T. WALL, et al.** | : | |
| **Respondent** | : | |

**STATE OF RHODE ISLAND'S RESPONSE TO PETITIONER'S OBJECTION TO THE MAY 27, 2008 REPORT AND RECOMMENDATION OF SENIOR UNITED STATES MAGISTRATE JUDGE JACOB HAGOPIAN**

In Petitioner's June 5, 2008 *Objection to the Report and Recommendation of May 27, 2008 By Petitioner Stephen Reise*, Petitioner Reise suggests, *id.* at 3, that the one-year limitation period of 28 U.S.C. § 2244[1] should be deemed to run from – not "April 25, 2000, twenty days after [Petitioner's] April 5, 2000 judgment was entered" (*Report and*

---

[1] 28 U.S.C. § 2244(d)(1) provides that:

> "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

PDF created with pdfFactory trial version www.pdffactory.com

*Recommendation* at 4) but – February 25, 2004, the date on which Petitioner purchased his medical records and allegedly discovered for the first time that, according to Petitioner, his Obstructive Sleep Apnea was a good defense to the crimes he had pled to in April of 2000. (Petitioner's June 5, 2008 *Objection to the Report and Recommendation of May 27, 2008 By Petitioner Stephen Reise* at 3 ("Reises [sic] newly discovered evidence was discovered *** through the purchasing of his medical records here at the prison on February 25, 2004[.]").) If 28 U.S.C. § 2241(d)(1)'s one-year limitation period could be said to run from February 25, 2004, rather than from April 25, 2000, Petitioner's January 28, 2008 habeas petition in this case would be considered timely, were the period from March 25, 2004 (when Petitioner filed his state post-conviction relief application) until May 21, 2007 (when the Rhode Island Supreme Court denied Petitioner's motion to reargue his appeal of the Superior Court's denial of his post-conviction relief application) tolled pursuant to 28 U.S.C. § 2244(d)(2)("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.")[2].

The evident weakness with this contention, however, is that it simply cannot be said that "the factual predicate of" (28 U.S.C. § 2244(d)(1)(D)) Petitioner's Obstructive Sleep Apnea claim could not "have been discovered through the exercise of due diligence" (*id.*) prior to "February 25, 2004", when Petitioner "purchas[ed] *** his medical records *** at the prison" (Petitioner's June 5, 2008 *Objection to the Report and Recommendation of May 27, 2008 By Petitioner Stephen Reise* at 3). Indeed, since Petitioner, according to

[2] *See* Kindler v. Horn, 291 F.Supp.2d 323, 329 (E.D.Pa. 2003)(finding that one-year limitation period was tolled until the Pennsylvania Supreme Court had denied Petitioner's reargument petition).



PDF created with pdfFactory trial version www.pdffactory.com

his own admission, "was diagnosed with Obstructive Sleep Apnea on 8/21/01" (*Petitioner's* Superior Court Memorandum in Support of his State post-conviction relief application at 15), he, "through the exercise of due diligence" (28 U.S.C. § 2244(d)(1)(D)), most certainly ***could have*** discovered, at least as early as August of 2001, "the factual predicate of" (*id.*) any Obstructive Sleep Apnea claim.[3] That is, because Petitioner, in his own words, "was diagnosed with Obstructive Sleep Apnea on 8/21/01" (*Petitioner's* Superior Court Memorandum in Support of his State post-conviction relief application at 15), it would seem apparent that any of his Obstructive Sleep Apnea predicated contentions "*could have* been discovered through the exercise of due diligence" ((28 U.S.C. § 2244(d)(1)(D))(emphasis added)) as early as that 2001 date, but certainly by some date earlier than one-hundred-and twelve-days (the difference between the 365 day limitation period of § 2244(d)(1) and the two-hundred-and-fifty-three days between the Rhode Island Supreme Court's May 21, 2007 order denying reargument and the January 28, 2008 submission of Petitioner's federal habeas corpus petition) before Petitioner's March 25, 2004 post-conviction relief application, or December 3, 2003. By the time, then, of Petitioner's March 25, 2004 post-conviction relief application submission, the one-year limitation period of 28 U.S.C. § 2244(d)(1)(D) would have already expired.

Consequently, the State would respectfully submit, the May 27, 2008 Report and Recommendation of Senior United States Magistrate Judge Jacob Hagopian quite properly determined "that the period of limitation for petitioner's application for a writ of habeas

[3] For cases discussing the "due diligence" requirement of 28 U.S.C. § 2244(d)(1)(D), *see* Frazier v. Rogerson, 248 F.Supp.2d 825, 833-35 (N.D. Iowa 2003); Johnson v. Dretke, 442 F.3d 901, 906-08 (5th Cir. 2006); Ewing v. Terrell, 2007 WL 837920, at * 5 (W.D.La.); Neuendorf v. Graves, 110 F.Supp.2d 1144, 1154-55 (N.D. Iowa 2000); Owens v. Frank, 394 F.3d 490, 499-501 (7th Cir. 2005); and Brent v. Salazar, 2008 WL 962873, at * 2, (C.D.Cal.).



PDF created with pdfFactory trial version www.pdffactory.com

corpus expired before petitioner filed his instant application on January 28, 2008" (*id.* at 6).

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Aaron L. Weisman

**AARON L. WEISMAN #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

Pursuant to AP 10 of this Court, I hereby certify that on the 6th day of June, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system; and I also certify that I placed a copy of the within document in the U.S. mail, postage prepaid, to Stephen Reise, Pro Se, Adult Correction Institute, P.O. Box 8212, Cranston, RI 02920, on the same date.

/s/ Aaron L. Weisman



PDF created with pdfFactory trial version www.pdffactory.com